# Grossman v. Natcher, Delinquent Tax Collector

*S. Harold Grossman* and *P. H. McGuire*, for plaintiff.

*J. B. McAdoo*, for defendant.

SMITH, J., October 2, 1939.—This case comes before the court in banc upon a case stated.

The facts as set forth in the stipulation of counsel are substantially as follows:

The said Bessie H. Natcher is delinquent tax collector for the Borough of Munhall, Allegheny County, Pa., and as such has the duty of receiving and collecting delinquent borough taxes due the Borough of Munhall for the tax years of 1937, 1936, 1935, and all prior years.

The said Ignatz Grossman is a property owner and taxpayer in the said Borough of Munhall.

The Abatement Act of October 25, 1938, P. L. 84, provides, inter alia, as follows:

"Section 1. All unpaid penalties and interest imposed on paid or unpaid delinquent county, city (except city of the first class), borough, town, township, school district (except school district of the first class), and poor district

taxes, for the tax year one thousand nine hundred and thirty-four and all previous years, and all penalties imposed on such taxes for the tax years one thousand nine hundred and thirty-five, one thousand nine hundred and thirty-six and one thousand nine hundred and thirty-seven, assessed and levied against any parcel or parcels of real estate and on paid or unpaid delinquent poll taxes levied for any of such years, are hereby abated, without the necessity of further action by the authority levying the tax, if the unpaid delinquent taxes are paid as hereinafter provided. This section shall not be construed to abate the interest accrued on the taxes for the years of one thousand nine hundred and thirty-five, one thousand nine hundred and thirty-six and one thousand nine hundred and thirty-seven but no further interest shall be imposed on such taxes after the payment of the first installment, as hereafter provided, so long as the taxpayer complies with the provisions of this act.

"In order to receive the benefits of the installment system of payment provided by this act, twenty per centum of the delinquent taxes due for the tax year one thousand nine hundred and thirty-seven and for all previous years and of the accrued interest due on the one thousand nine hundred and thirty-five, one thousand nine hundred and thirty-six and one thousand nine hundred and thirty-seven taxes, shall be paid on, or before, the thirty-first day of December, one thousand nine hundred and thirty-eight; twenty per centum on, or before, the thirty-first day of December, one thousand nine hundred and thirty-nine; twenty per centum on, or before, the thirty-first day of December, one thousand nine hundred and forty; twenty per centum on, or before, the thirty-first day of December, one thousand nine hundred and forty-one; and the final twenty per centum on, or before, the thirty-first day of December, one thousand nine hundred and forty-two: And provided, That the respective current taxes on such parcel or parcels of real estate, levied for the year one thousand nine hundred and thirty-eight, shall be paid

on, or before, the thirty-first day of December, one thousand nine hundred and thirty-eight, and all such taxes for the years subsequent to the year one thousand nine hundred and thirty-eight during such installment periods, assessed and levied by such taxing authority, shall be paid before they become delinquent . . .".

The payment of borough taxes in the said Borough of Munhall is governed by section 1308 of The General Borough Act of May 4, 1927, P. L. 519, as amended by the Act of May 18, 1933, P. L. 818, which reads as follows:

"Section 1308. Abatements and Penalties.—All persons who shall, within sixty days from the date of notice, make payment of any taxes charged against them in the duplicate shall be entitled to a reduction of five per centum from the amount thereof that shall be paid. All persons who shall fail to make payment of any taxes charged against them in said duplicate within four months from the date of said notice shall be charged one-half of one per centum per month additional, on the taxes charged against them, for each and every month, or part thereof, that the same shall remain delinquent and unpaid after said four months period."

On or before December 31, 1938, plaintiff paid to defendant 20 percent of the delinquent taxes due for the tax year 1937 and all prior years, has paid the current taxes due for the years 1938 and 1939 before they became delinquent, and is now prepared to pay according to the provisions of the Act of 1938, supra, the 20 percent of the delinquent taxes payable on or before December 31, 1939. In fact, plaintiff has so far complied with every obligation imposed upon him by said act.

Seventy-two dollars and seven cents is 20 percent of the face amount of the delinquent taxes due and payable by plaintiff to defendant on or before December 31, 1939, under the provisions of the said abatement act.

Plaintiff tendered to defendant the said sum of $72.07 in full payment of the 20 percent instalment of delinquent taxes payable on or before December 31, 1939, according

to the provisions of the said abatement act, which amount of $72.07 defendant refuses to accept as a full 20 percent payment and demands in addition thereto payment of the sum of one half of one percent per month on the delinquent taxes for the tax years 1935 and 1936 (1937 being paid), from the dates of their delinquency to the date of the first payment under said abatement act, as provided by said section 1308 of The General Borough Act, supra, on the ground that the said one half of one percent per month is interest and not penalty, and is therefore not abated by the provisions of the said abatement act.

Plaintiff refused to pay the said additional one half of one percent per month on the ground that it is a penalty and is therefore abated by the provisions of the said abatement act.

This case stated leaves but one question for the determination of the court: Whether under the provisions of section 1308 of The General Borough Act, as amended, supra, the one half of one percent per month additional to delinquent and unpaid taxes is "interest" or "penalty".

It becomes, therefore, important to examine the exact language of the legislature with regard to this subject matter.

Section 1308 of The General Borough Act, as amended by the Act of May 18, 1933, P. L. 818, is headed "Abatements and Penalties", and, inter alia, provides:

"All persons who shall fail to make payment of any taxes charged against them in said duplicate within four months from the date of said notice shall be charged *one-half of one per centum per month additional, on the taxes charged against them, for each and every month, or part thereof, that the same shall remain delinquent and unpaid after said four months period.*" (Italics supplied.)

According to the language of that section the taxpayer "shall be charged" one half of one percent per month additional. Whether this charge is to be considered "interest" or "penalty" is the important thing.

Nowhere in the section is the word "interest" used. Nowhere in this particular section, except in the heading, is the word "penalty" used.

In the general abatement act the legislature clearly distinguishes between "penalties" and "interest" in the declaration of the public policy. Section 1307 of the Act of 1933, supra, is entitled "Notices to Taxables." After directing that the tax collector shall "notify each taxable whose name shall appear on said duplicate", the section directs that such notice shall contain "the rate of taxation, the valuation of the property of such taxable, the occupation of such taxable, and the full amount of taxes for which said taxable shall be liable for the current year. Such notice shall further state that such taxes are payable, shall designate a place and time when they shall be paid, and shall further state the time within which an abatement of the tax will be allowed, when the full amount of tax will be collected, *and when an additional percentage will be added as a penalty.*" (Italics supplied.)

Again, in this section the word "interest" does not appear, and the additional percentage is referred to as a "penalty".

These sections, 1307 and 1308, of the Act of May 18, 1933, P. L. 818, are to be considered in connection with the original act to which they are but amendments.

The General Borough Act of May 4, 1927, P. L. 519, provided in section 1307, which was entitled "Notices to Taxables", as follows:

"Each tax collector shall, within thirty days after receiving the tax duplicate, notify each taxable whose name shall appear on said duplicate. Such notice shall contain the rate of taxation, the valuation of the property of such taxable, the occupation of such taxable, and the full amount of taxes for which said taxable shall be liable for the current year. Such notice shall further state that such taxes are payable, shall designate a place and time when they shall be paid, and shall further state the time within which an abatement of the tax will be allowed,

when the full amount of tax will be collected, and when an additional percentage will be added as a penalty."

The Act of May 18, 1933, P. L. 818, which contained the first amendment to section 1307 of The General Borough Act, continues, in plain language, the direction that "an additional percentage will be added as a *penalty*." (Italics supplied.)

The General Borough Act of 1927, in section 1308, which is entitled "Abatement and Penalties", reads as follows:

"All persons who shall, within ninety days from the date of notice, make payment of any taxes charged against them in the duplicate, shall be entitled to a reduction of five per centum from the amount thereof. All persons who shall fail to make payment of any taxes charged against them in said duplicate for six months after notice given as aforesaid, *shall be charged five per centum additional* on the taxes charged against them, which shall be added thereto by the tax collector and collected by him." (Italics supplied.)

The 1931 amendment of section 1308 changed the percent to be charged from five percent to "one-half of one per centum per month", but made no other change in the language or reference to the additional percent charged as "interest".

Thus it can be seen that from 1927 until the present time The General Borough Act as originally adopted, together with its successive amendments, has consistently in sections 1307 and 1308 referred to the additional charge as a "penalty", and has never at any time made use of the word "interest".

The language in the sections is clear, unequivocal, and without ambiguity.

Throughout the statutes the word "penalty" is used without exception and the word "interest" never appears.

It is argued on behalf of the delinquent tax collector of the Borough of Munhall that the court should, despite the use of the word "penalty" by the legislature, inquire

into and determine the intent of the legislature, which the tax collector contends was to charge "interest" at the rate of one half of one percent per month. In other words, we are asked to change the plain language of the statute from the word "penalty", which is exclusively used, and so interpret it as to make it read "interest". The words relied upon by those arguing for this interpretation are the words in the statute which say that the taxpayer "shall be charged" one half of one percent per month. It is contended that the use of the word "charged" clearly implies the legislative desire to fix a definite rate which is being charged, in effect, for the use of the money which the taxpayer is not giving the borough by the prompt payment of taxes.

We are asked to use this strained construction of the word "charged" in the face of the repeated use of the word "penalty".

It was argued not only by counsel for the tax collector of the Borough of Munhall, but by former Representative W. A. Walker, appearing at the court's invitation as amicus curiæ, and speaking not only as a member of the bar, but as a member of the House of Representatives' committee that framed the language of the amendments of 1931 and 1933 to The General Borough Act of 1927, that it was the clearly ascertainable purpose and intent of the legislature to discard the "penalty" of five percent and substitute a business-like "interest" charge of one half of one percent per month.

It is further contended by them that this legislative intent is further evidenced by the distinction made by the legislature in the Abatement Act of 1938, above referred to, which provides for the waiving of penalties for the year 1935, and subsequent years, upon payment of taxes, but makes no provision for the waiving of interest charges for the year 1935 and subsequent years.

In reply to this, the taxpayer in this suit has answered that such a distinction as that set forth in the Abatement Act of 1938 was clearly made necessary by legislation

which, in the case of the City of Pittsburgh, clearly authorizes the imposition of a "penalty" and provides for the additional "interest" charge of one half of one percent per month, and legislation for counties of the second class, such as Allegheny, which makes provision for an "interest" charge.

It is argued by the taxpayer that since there was existing legislation applicable to some municipal subdivisions which provided for both "penalties" and "interest", and legislation applicable to other municipal subdivisions which made reference to "interest" only, the legislature in the abatement act was only clarifying the declaration of policy for application in such cases.

The court has every sympathy with the position taken by the tax collector of the Borough of Munhall, and has no doubt that the facts set forth by William A. Walker, Esq., with regard to the hearings and proceedings before the House of Representatives' committee are correctly and accurately represented. We are unable, however, to interpret the statute in the manner suggested by the Borough of Munhall tax collector. To do so would be to set aside by judicial pronouncement the clear, unequivocal, and unambiguous language of the statute in favor of an alleged legislative intent which the court would necessarily find from extraneous sources, and the finding of which is specifically prohibited by the Statutory Construction Act of May 28, 1937, P. L. 1019. Article III, sec. 33, of this act provides:

"Words and Phrases.—Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this act, shall be construed according to such peculiar and appropriate meaning or definition."

Article IV, sec. 51, of this act provides:

"Construction of Laws; Legislative Intent Controls.— The object of all interpretation and construction of laws

is to ascertain and effectuate the intention of the Legislature. Every law shall be construed, if possible, to give effect to all its provisions.

"When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

It is clear from a reading of the next paragraph in the same section that under this last declaration of legislative policy no court is warranted in an attempt to ascertain legislative intent by reference to matters not clearly set forth in the body of the law, unless:

"When the words of a law are not explicit, the intention of the Legislature may be ascertained by considering, among other matters—(1) the occasion and necessity for the law; (2) the circumstances under which it was enacted; (3) the mischief to be remedied; (4) the object to be attained; (5) the former law, if any, including other laws upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous legislative history; and (8) legislative and administrative interpretations of such law."

Clearly, the statute in question does not fall within the special provisions of this paragraph, but is definitely controlled by the language of the preceding paragraph:

"When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

Judgment will, therefore, be entered in favor of plaintiff.

### Order

And now, October 2, 1939, it is ordered and directed that the prothonotary enter judgment for plaintiff and issue a writ of peremptory mandamus directing Bessie H. Natcher, Delinquent Tax Collector for the Borough of Munhall, to receive and accept from Ignatz Grossman the sum of $72.07 in full payment of the 20 percent instalment of delinquent taxes payable on or before

December 31, 1939, pursuant to the provisions of the Act of October 25, 1938, P. L. 84, and all other matters to comply with the terms of the act as interpreted in this decision.